## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**SABRINA WEBB,**

    **Plaintiff,**

CASE NO. 4:05cv184-Spm/AK

vs.

**DASSEE COMMUNITY HEALTH SYSTEMS,
LLC., d/b/a GEORGE E. WEEMS
MEMORIAL HOSPITAL,**

    **Defendant.**

_____/



### COMPLAINT

Plaintiff, SABRINA WEBB, hereby sues Defendant, DASSEE COMMUNITY HEALTH

SYSTEMS, LLC., d/b/a GEORGE E. WEEMS MEMORIAL HOSPITAL, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Florida law codified at Chapter 760, Florida Statutes,

under 42 U.S.C. §2000 et seq. , and under 42 U.S.C. §1981 et seq.. Jurisdiction of this Court is

invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (civil rights

claim jurisdiction), and 28 U.S.C. §1367 (supplemental jurisdiction for state claims under Chapters

760 and 440, Florida Statutes).

2. Demand is made herein for an amount in excess of Seventy Five Thousand Dollars

($75,000.00). Declaratory, injunctive, legal and equitable relief are sought pursuant to the laws set

forth above together with attorneys fees, costs and damages.

OFFICE OF CLERK
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

05 JUN -3 PM 4: 24

FILED

400 107654
$25.00

## THE PARTIES

3.     At all times pertinent hereto, Plaintiff, SABRINA WEBB has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to the fact that she reported discrimination adversely affecting her and she was the victim of retaliation thereafter.

4.     At all times pertinent hereto, Defendant, DASSEE COMMUNITY HEALTH SYSTEMS, LLC. had been conducting business as GEORGE E. WEEMS MEMORIAL HOSPITAL, in Franklin County, Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5.     Plaintiff has satisfied all conditions precedent to bringing this action in that she filed a charge of discrimination with the Florida Commission on Human Relations and properly removed her charge therefrom, after the expiration of 180 days, as authorized under §760.11, Florida Statutes. This action is timely brought thereafter. She also filed an administrative charge of discrimination with the EEOC and is eligible to receive her Notice of Right to Sue. Said notice has been requested.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff was first employed with Defendant in August, 1995. She was fired on or around November 19, 2003.

7.     During the course of Plaintiff's employment with Defendant, Plaintiff was the victim of retaliation after she objected to and/or reported sexual advances by Defendant's Chief Executive Officer, Michael Lake.

8.     Specifically, but without limitation, on or about October 22, 2003, Mr. Lake put his arms around Plaintiff, pulled him to her, and attempted to kiss her on the lips. Plaintiff pushed him

2

away and told him she was not interested in his advances and to stop.

9.      Approximately three weeks after Plaintiff rejected Mr. Lake and objected to his sexual advances, she was fired based upon false and contrived allegations. There was no legitimate reason for Plaintiff's termination, and her termination was in direct retaliation for her rejection of and objection to Mr. Lake's sexual advances.

10.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under §760.11, Florida Statutes, and 42 U.S.C. §2000e et seq..

## COUNT I

### RETALIATION

11.     Paragraphs 1-10 are hereby realleged and reincorporated as if set forth in full herein.

12.     Defendant is an employer as that term is used under the applicable statutes referenced above.

13.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C § 2000e *et seq*., Title I of the Civil Rights Act of 1991 and Chapter 760, Florida Statutes.

14.     The foregoing unlawful actions by Defendant were purposeful.

15.     Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

16.     Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

3

17.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.

18.     Plaintiff is entitled to punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding damages including without limitation punitive damages to Plaintiff for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)     grant such other further relief as being just and proper under the circumstances

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this  3  day of June, 2005.

4

MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)


Marie A. Mattox
**FLA BAR NO. 0739685**

ATTORNEYS FOR PLAINTIFF

5

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (*ISSUED ON REQUEST*)

To:   **Sabrina Webb**
      **#3 Pine Drive**
      **Apalachicola, FL 32320**

From:   **Miami District Office**
        **2 South Biscayne Blvd**
        **Suite 2700**
        **Miami, FL 33131**

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **15D-2004-01015** | **James Colon, State & Local Coordinator** | **(305) 536-4454** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

3-4-05

Enclosure(s)

**Federico Costales,**
**District Director**

*(Date Mailed)*

cc:   **David Barrett, Esquire**
      **Barrett & Associates**
      **GEORGE E. WEEMS MEMORIAL HOSPITAL**
      **Post Office Box 930**
      **Tallahassee, FL 32302-0930**

**Erica E. Bush, Esquire**
**310 East Bradford Road**
**Tallahassee, FL 32303**